IN THE

# SUPREME COURT

OF THE

## STATE OF IDAHO.

(May 10, 1913.)

BONNEVILLE COUNTY, Appellant, v. BINGHAM COUNTY, Respondent.

[132 Pac. 431.]

COUNTIES—DIVISION—PUBLIC PROPERTY—HIGHWAYS—BRIDGES.

1. Sec. 874, Rev. Codes, provides: "Highways are roads, streets or alleys and bridges laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public."

2. Under the provisions of sec. 874, Rev. Codes, public bridges are such as are held in trust for the public by municipalities, such as counties, cities, towns and villages, and are open and common to the public without payment of toll. The municipal division named is not, strictly speaking, the owner of the public highway or the bridges; but the municipality is recognized to have possession and control of the same and is merely trustee of the public under the laws of the state.

3. "Public property," as used in the act creating Bonneville county, Laws of 1911, p. 10, does not apply to roads, highways or bridges, but to such public property as the county owns by reason of acquiring the same out of the general funds of the county or by special assessment authorized by law, and does not mean bridges and highways.

From the District Court of the Sixth Judicial District for Bingham County. Hon. J. M. Stevens, Judge.

Appeal from a judgment affirming the report of a board under the act of the legislature passed and approved February 7, 1911, creating Bonneville county. *Affirmed.*

R. S. Myers, W. P. Hanson and B. J. Briggs, for Appellant.

The term "public property," as used in the act creating the county of Bonneville out of a portion of what was formerly the county of Bingham, is broad enough to include all property belonging to the county of Bingham prior to the date of the division.

All county property except that expressly exempt should be taken into consideration and valued. (*Shoshone Co. v. Thompson,* 11 Ida. 130, at p. 142, 81 Pac. 73.)

J. E. Good and Hansbrough & Gagon, for Respondent.

A public bridge on a public highway is a part of the highway. (*Stillman v. Hudson River Bridge Co.,* Fed. Cas. No. 12,851, 4 Blatchf. 74; *City of Goshen v. Myers,* 119 Ind. 196, 21 N. E. 657; *Penn. Twp. v. Perry County,* 78 Pa. 457; *People v. Buffalo Co. Commissioners,* 4 Neb. 150; *Pittsburg & N. E. P. Ry. Co. v. Point Bridge Co.,* 165 Pa. 37, 30 Atl. 511, 26 L. R. A. 323.)

Under Revised Stats. 1887, sec. 850, declaring highways to be roads, streets or alleys and bridges, a bridge is a highway subject to the laws applicable to highways. (*Village of Sandpoint v. Doyle,* 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497.)

Strictly speaking, there is no local ownership of public highway bridges in the absence of statutory provisions therefor, they being parts of the general system of highways belonging to the state at large. (*American Steel Dredge Works v. Board of Commrs.,* 170 Ind. 571, 85 N. E. 1, 82 N. E. (Ind. App.) 995; *Pickens County v. Greene County,* 171 Ala. 377, 54 So. 998; Elliott, Roads and Streets, 2d ed., sec. 28; *Mills County v. Brown County,* 87 Tex. 475, 29 S. W. 650.)

Public bridges are such as are held in trust for the public by governmental corporations such as counties, townships, cities, towns, and villages, and are open and common to the public without the payment of toll. The governmental divisions named do not, strictly speaking, acquire any private ownership in bridges, but they have the possession of them as

trustees of the public under authority delegated by the legislature. (Elliott, Roads and Streets, 2d ed., secs. 31, 645; *Lebanon Light, Heat & Power Co. v. Leap,* 139 Ind. 443, 39 N. E. 57, 29 L. R. A. 342. See, also, 37 Cyc., pp. 200–203; *County Commrs. of Cheyenne County v. County Commrs. of Bent County,* 15 Colo. 320, 25 Pac. 508; *Hempstead Co. v. Howard Co.,* 51 Ark. 344, 11 S. W. 478; *Washington Co. v. Weld Co.,* 12 Colo. 152, 20 Pac. 273; *Board of County Commrs. of Sierra Co. v. Dona Ana Co.,* 5 N. M. 190, 21 Pac. 83; *State v. Hordey,* 41 Kan. 630, 21 Pac. 601.)

STEWART, J.—On February 7, 1911, the 11th session of the state legislature passed an act (Laws of 1911, p. 8) creating the county of Bonneville out of a part of Bingham county. Such act authorized the board of county commissioners of Bingham county and the county of Bonneville to appoint an auditing board and board of appraisers consisting of one member from each county. Such board was appointed. It appears that such board so appointed were unable to agree, and by authority of said act a third member was appointed, and on the 15th day of January, 1912, a majority of said board filed with the county commissioners of each county a copy of their report and conclusion; that thereafter, on the 15th of January, 1912, the report was by the commissioners of Bingham county duly accepted and adopted, and on the same day was by the commissioners of Bonneville county duly rejected. It appears also that one of the members of the board filed with each of said boards of county commissioners his minority report.

An appeal was taken by Bonneville county from the order made by the board of county commissioners of Bingham county accepting and adopting the report of the auditing board and board of appraisers to the district court of the sixth judicial district for Bingham county. The cause was tried, and on the 18th day of November, 1912, the trial court filed its findings of fact and conclusions of law and entered judgment affirming the action of the board of commissioners of Bingham county. This appeal is from the judgment.

The only question presented to this court upon appeal is, whether finding 10 of the court is correct and authorized by the provisions of the act of February 7, 1911, being the act creating said Bonneville county.    This finding is as follows:

"The court finds that the act of February 7, 1911 (Sess. Laws 1911, pages 8–16), is *in praesenti,* creating as one of the political subdivisions of the state of Idaho the county of Bonneville, immediately upon its passage and approval; that the term 'public property belonging to Bingham county,' as used in said act, embraces no public property the title to which is dependent solely upon its location, but applies only to property to which Bingham county held title irrespective of its division and irrespective of the location thereof; that said term does not apply to roads, highways, or bridges or to lands for which tax deeds or tax sale certificates were issued to the county, and that the value of such property was not required to be ascertained by the accountants, and has no relevancy to the adjustment of the affairs of said counties."

It is the contention of appellant that the trial court erred in holding that "public property," as used in the act creating Bonneville county (Laws of 1911, p. 10), includes all property belonging to the county of Bingham prior to the date of division, and in not permitting the appellant to prove by competent testimony the value of the public bridges erected in the territory embraced within the counties of Bingham and Bonneville at the time the county of Bingham was divided, and that the public bridges should have been taken into consideration and appraised by the board of auditors and appraisers.

Sec. 7 of the act creating Bonneville county requires that the auditing board and board of appraisers shall make "statement and determine the value of all of the public property belonging to Bingham county and report thereon."    The act also further provides for the division of the money in the hands of the county treasurer of Bingham county and for the apportionment of indebtedness of said county and for the division of the chattel property of the old county which is

capable of division, and for the disposition of all of the real property and tax sale certificates for real property to which the former county of Bingham shall have acquired any right, title or interest by virtue of the tax deed or tax sale.

In construing the language used in the above section, we must not overlook sec. 874, Rev. Codes, as follows:,

"Highways are roads, streets or alleys and *bridges*, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public."

This section of the statute was considered by this court in the case of *Village of Sandpoint v. Doyle*, 14 Ida. 749, 95 Pac. 945, 17 L. R. A., N. S., 497, and in the syllabus this court said: "Under sec. 850 of the Revised Statutes of this state, a bridge is a highway and subject to the laws applicable to highways."

Sec. 7, above set forth, provides "that the county courthouse and county courthouse grounds . . . . shall be and remain the property of Bingham county without any compensation therefor or on account thereof to the said Bonneville county." This reservation of the courthouse and the courthouse grounds is in the nature of a gift to Bingham county by the legislature, and no doubt was placed in the act for the sole purpose of satisfying the demand of the people of that county and to prevent opposition to the creation of Bonneville county. Said section in no way mentions bridges and roads as public property, and the legislature perhaps did not so mention bridges and roads for the reason that bridges and roads are not generally recognized as public property. Elliott on Roads and Streets, vol. 1, sec. 32, cites many authorities, and the author says: "A public bridge is an essential part of a road, and 'the erecting of a bridge is but the laying out of a highway.' This, however, is true only in cases where the bridge is a public one, for there are public and private bridges. And a distinction is often made between bridges and other portions of the highway. A public bridge is one open to all the people upon equal terms. A private bridge is one erected for the use of one or more private persons, although it may be occasionally used by the public." In sec. 33 the

author announces a general rule which we think correct, as follows: "Public bridges may be built by the public authorities at the public expense, as state, county, township or city bridges; they may be built by turnpike or bridge corporations; or they may be built by individuals and given to the public. All such bridges are highways. Where bridges are built by individuals and are beneficial to the public, and public use is made of them, they will usually be deemed public."

Public bridges, as thus defined by the authorities, are such as are held in trust for the public by municipalities, such as counties, cities, towns and villages, and are open and common to the public without payment of toll. The municipal division named is not, strictly speaking, the owner of the public highway or the bridges, but the municipality is recognized to have possession and control of the same and is merely trustee of the public under the laws of the state. (Elliott, Roads and Streets, 2d ed., sec. 31.)

It will be observed that under the provisions of sec. 874, Rev. Codes, and the authorities cited above, a bridge is a highway, and subject to the laws applicable to highways. By this provision it is clear that the bridges located in Bingham county upon division, and the bridges located in Bonneville county upon division, are declared by the statute to be a part of the highways in each county and subject to the laws applicable to highways. It is conceded by appellant that the highways of each county should not in the present case be appraised and considered in settling the accounts between the counties, and that bridges alone should be assessed and considered. There is no merit in this contention, as the statute and the authorities above cited declare that the bridges are a part of the highways. If the highways are not considered, the bridges cannot be considered in determining the value of public property belonging to Bingham county.

The term "public property belonging to Bingham county," as used in the act creating Bonneville county, does not apply to roads, highways or bridges, but to such public property as the county owns by reason of acquiring the same out of the

funds of the county or by special assessment authorized by law, and does not mean bridges and highways.

It follows that the judgment must be *affirmed.* Costs awarded to respondent.

Ailshie, C. J., and Sullivan, J., concur.