STATE EX REL. FOSTER, RELATOR, *v.* RITCH ET AL., RESPONDENTS.

(No. 3,471.)

(Submitted April 11, 1914.   Decided April 22, 1914.)

[140 Pac. 731.]

*Mandamus—New Counties—Adjustment of Property Rights— Bridges—Not County Property.*

1.   *Held,* on *mandamus,* that, generally speaking, bridges—which are but portions of the public highway—are not county property, within the meaning of that term as employed in section 7, Chapter 112, Laws of 1911, the value of which shall be ascertained and considered in the adjustment of the property rights and liabilities of counties out of which a new one has been created.

[As to the relation of new counties to the old from which they have been formed, see note in 20 Am. St. Rep. 676.]

Original application for writ of mandate by the state of Montana, on the relation of C. A. Foster, against John B. Ritch and others as the Board of Commissioners appointed to adjust the indebtedness and property rights of Valley and Sheridan counties, upon the creation of the latter.   Dismissed.

*Messrs. Galen & Mettler,* for Relator, submitted a brief; *Mr. Albert J. Galen* argued the cause orally.

*Mr. D. M. Kelly,* Attorney General, and *Messrs. J. H. Alvord* and *C. S. Wagner,* Assistant Attorneys General, for Respondents, submitted a brief; *Mr. Alvord* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Upon the creation of Sheridan county from a portion of Valley county, the commission appointed by the governor to adjust the property rights and indebtedness reported that the new county owed the old one $108,436.98. This proceeding was instituted by a resident taxpayer of Sheridan county to compel the commission to reassemble and to reapportion the indebtedness. The ground of complaint is that, notwithstanding there were "in Valley county, Montana, divers and sundry expensive steel bridges, aggregating in value at that time more than $162,000, and there were then located in Sheridan county bridges aggregating in value not to exceed the sum of $54,000," the commission declined to consider the value of these bridges in determining the net indebtedness of Valley county and the proportion thereof properly chargeable to Sheridan county.

The only question for determination upon this application is [1] whether "bridges" are to be deemed county property, within the meaning of that term as used in section 7, Chapter 112, Laws of 1911, and their value to be ascertained and employed in the final adjustment of the property rights and liabilities of the old county and the new one. We are not furnished any information by this application as to the character of the bridges referred to, or the source from which the funds employed in their construction were obtained. The description is in the most general terms, and, in the same way we say that bridges, generally speaking, are not such county property as that their value shall enter into consideration in the adjustment of the indebtedness of the old county with the new one. A bridge is

to be treated as but a portion of a public highway. (*Reid* v. *Lincoln County,* 46 Mont. 31, 125 Pac. 429; *State ex rel. Horsley* v. *Carbon County,* 38 Utah, 563, 114 Pac. 522; *Independent Highway Dist.* v. *Ada County,* 24 Idaho, 416, 134 Pac. 542.)   Indeed, that question is settled by our own Code.   Section 1337, Revised Codes, as amended by section 3, Chapter 72, Laws of 1913, provides: ''All highways, roads, lanes, streets, alleys, courts, places and bridges laid out or erected by the public or now traveled or used by the public, or if laid out or erected by others dedicated or abandoned to the public, or made such by the partition of real property are public highways.''  It was clearly not the intention of our legislature that all public highways, including the roads, streets, alleys, courts, culverts, and bridges composing the same, should be appraised as county property, and the value, thus set upon them, considered in adjusting the county indebtedness.   It may be that a bridge upon a road which has been abandoned has a distinct, independent value, and bridges constructed from special funds created by the sale of bonds, or otherwise, may possess the character of ''county property,'' in the sense in which that term is used in the Act now under consideration; but those questions are not before us now, and cannot be considered in this proceeding.

Upon the record as presented, the relator is not entitled to any relief, and the application is therefore dismissed.

*Dismissed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner  concur.