STATE EX REL. MISSOULA COUNTY, APPELLANT, v.
BROWN ET AL., RESPONDENTS.

(No. 5,702.)

(Submitted April 23, 1925.    Decided May 13, 1925.)

[236 Pac. 548.]

*New Counties—Adjustment of Indebtedness—Value of County
Property — Steel Bridges not County Property — Statute
—Unconstitutionality.*

1.  Since a completed and used bridge belongs to the state and there-
fore is not "property of the county" within the meaning of section
3, Article XVI, Constitution, prescribing the method by which, in the
creation of a new county out of an old one, the proportion of the net
indebtedness of the old county chargeable to the new one shall be
ascertained, the legislature was without power to authorize the com-
missioners appointed to adjust the indebtedness between a new and
an old county (as it did by the enactment of section 7, Chapter 139,
Laws of 1915), to take into consideration steel bridges constructed
and in use for a period of less than ten years, in determining the
value of county property.

Counties, 15 C. J., sec. 36, p. 410, n. 29 New.

*Appeal from District Court, Missoula County; Theodore
Lentz, Judge.*

PROCEEDING for writ of mandate by the State of Montana,
on the relation of Missoula County, against F. P. Brown and
others, as the Board of Commissioners appointed to adjust the
indebtedness, property rights and obligations as between Mis-
soula County and Lake County, and as between Flathead
County and Lake County, on the organization of Lake County.
From a judgment of dismissal, Missoula County appeals.  Re-
versed and remanded, with directions to enter judgment for
plaintiff.

*Messrs. Murphy & Whitlock* and *Mr. Dwight N. Mason,* for
Appellant, submitted a brief; *Mr. A. N. Whitlock* argued the
cause orally.

*Mr. Mark H. Derr,* for Respondents, submitted a brief; oral argument by *Mr. Derr* and *Mr. S. V. Stewart,* of *Stewart & Brown,* of Counsel.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

Lake county was created in 1923 from a portion of Missoula county and a portion of Flathead county, and commissioners were duly appointed to adjust the indebtedness as between the new county and each of the old counties. When the report was submitted, Missoula county, feeling aggrieved thereby, instituted this proceeding to secure a writ of mandate to compel the commissioners to reconvene and correct certain errors which it was contended appeared in the report. In response to the alternative writ which was issued, the commissioners did reconvene, and thereafter submitted an amended report, which eliminated all objections, save one, and as to that one an answer was made. In the schedule of property belonging to Missoula county the commissioners included a steel bridge of the value of $48,885. The bridge had been constructed as a federal aid project under the supervision of the state highway commission, and Missoula county had contributed one-half, or $48,885 toward the expense of constructing it. The bridge had been completed and in use for less than ten years, and is a part of the main east and west public highway which extends through Missoula county. By including this item it was found that Lake county is indebted to Missoula county in the sum of $24,356.94, whereas, if it had been excluded, such indebtedness would be $31,253.93. The matter was submitted to the trial court upon an agreed statement of facts, which presented the single question: Was the value of the steel bridge included properly in computing the total value of property belonging to Missoula county? The court answered the inquiry in the affirmative,

and from the judgment dismissing the complaint Missoula
county appealed.

Sections 4390–4407, Revised Codes, provide for the creation
[1]   and organization of new counties and for the adjustment
of the existing indebtedness as between a newly created
county and the county or counties from which it is created.
Section 4397 provides that the governor shall appoint three
commissioners to adjust such indebtedness, and section 4398
requires the commissioners to "ascertain the indebtedness of
each county from which territory was taken to form the new
county   *   *   *   and also ascertain the total value of all
property at the time belonging to each of said counties from
which territory was taken and situated within the limits of
said old counties, respectively.   *   *   *   They shall then find
the difference between the amount of the indebtedness of the
old county and the value of the property belonging to the old
county,   *   *   *   and if such indebtedness exceeds the value
of such property belonging to the old county, the new county
shall pay to the old county a due proportion thereof," to be
ascertained as therein provided.   These provisions have been
in force since the enactment of 'the first statute, which au-
thorized the creation of new counties by a direct vote of the
electors within the territory affected (Chap. 112, Laws 1911),
and under that statute this court had held that a completed
and used bridge is not property belonging to a county.
(*State ex rel. Foster* v. *Ritch*, 49 Mont. 155, 140 Pac. 731;
*State ex rel. Furnish* v. *Mullendore*, 53 Mont. 109, 161 Pac.
949.)   To the same effect is *State ex rel. Donlan* v. *Board of
Commrs.*, 49 Mont. 517, 143 Pac. 984.

In 1915 the legislature enacted a new statute in lieu of
Chapter 112 above (Chap. 139, Laws 1915).   The provisions
quoted, however, were re-enacted, and there was added a
paragraph which reads as follows: "In the determination of
the value of county property all buildings and their furniture,
real estate, road tools, and machinery and all steel bridges

which may have been constructed and in use for a less period than ten years, shall be taken into consideration by the said commissioners.''

Counsel for Missoula county challenge the authority of the legislature to authorize the commissioners to take into consideration the value of the completed and used steel bridge in determining the total value of the property belonging to the old county, and insist that such authority is denied to the legislature by section 3, Article XVI, of our state Constitution, which section reads as follows: "In all cases of the establishment of a new county it shall be held to pay its ratable proportion of all then existing liabilities of the county or counties from which it is formed, less the ratable proportion of the value of the county buildings and property of the county or counties from which it is formed," *etc.*

The question arises at once: What is meant by the phrase "property of the [old] county," as used in the Constitution? In *State ex rel. Judith Basin County* v. *Poland,* 61 Mont. 600, 203 Pac. 352, the same question was before this court. The history of the pertinent legislation in force at the time the Constitution was drafted and adopted, as well as legislation enacted subsequently, was reviewed at length, and the conclusion was then announced that the phrase "property of the county" was employed to designate such property only as a county could then hold in its proprietary capacity, that is, such property as it was authorized to acquire, hold and sell, which excluded completed and used bridges; such bridges belong to the state. Reasons for the conclusion reached are set forth fully in the opinion, and need not be restated here. Under the authority of that case it was not within the power of the legislature to constitute a completed and used bridge county property, and we are of the opinion that the legislature of 1915 did not attempt to do so by the addition of the paragraph quoted above, but rather undertook to create a mere unit of measurement by which the just proportion of the old county's

indebtedness to be assumed by the new county might be determined. But even in this the legislature failed.

For reasons best known to themselves the people in adopting the Constitution saw fit to place a limitation upon the power of the legislature in this respect, and did so by providing in section 3, Article XVI, an exclusive method for determining the basis upon which the division of the indebtedness must be made. That section declares in no uncertain terms that, whenever a new county is created from an old one, the new county shall pay its. ratable proportion of the net indebtedness of the old county, which net indebtedness shall be ascertained by subtracting from the amount of the total indebtedness of the old county the value of all property of the old county. These provisions are mandatory and prohibitory (sec. 29, Art. III, Const.); hence it is beyond the power of the legislature to constitute as a minuend anything other than the total indebtedness of the old county, or to provide as a subtrahend anything other than the value of all the property of the old county. In other words, the authority was withheld from the legislature to make any change whatever in the elements to be considered in determining the net indebtedness of the old county.

Since completed and used steel bridges are not ''property of the county'' within the meaning of that phrase as employed in the Constitution, it was beyond the power of the legislature to make the value of such bridges an element in determining the net indebtedness of the old county.

The judgment is reversed and the cause is remanded, with directions to enter a proper judgment in favor of the plaintiff.

*Reversed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.