REX TOWNSHIP, Respondent, v. BAILEY TOWNSHIP, Appellant.

(223 N. W. 200.)

(File No. 6019.   Opinion filed January 26, 1929.)

M. Q. *Sharpe*, of Kennebec, for Appellant.
*Brown & Brown*, of Chamberlain, for Respondent.

POLLEY, J.   Plaintiff and defendant in this action are organized townships in Lyman county.   Originally the township comprising both townships constituted Rex township alone.   In April, 1922, the township was divided, and a portion of the township was organized as Bailey township.   After such organization was completed, the county and the two townships proceeded under the provisions of section 6039, Code 1919, to make an adjustment and settlement of their affairs.   A board of adjustment was appointed as provided by said section, and such board, after considering the affairs of plaintiff and defendant made and filed a report as follows:

"We, the undersigned, having been legally appointed to act as a board of adjusters in the matter of the division of the assets and liabilities, including all personal property, in accordance with the assessed valuation of the new township of Bailey and the new township of Rex, have this day met in session at Oacoma, and decided that the fair and equitable settlement shall be made on a basis of 40 per cent and 60 per cent, respectively, as the valuation of Bailey township is $403,723, and the valuation of Rex township is $603,354; the total valuation is $1,007,077, making the ratio approximately 40 to 60 and that the outstanding indebtedness of old Rex township, being $2,400, shall be assumed by the new township on this basis, equaling $960 and $1,440, respectively, and that the personal property shall be divided as follows, to wit:

"Bailey township shall receive 2 5-foot old Fresno scrapers, one (1) 4-foot new Fresno, one (1) old road grader, nine (9) old slip scrapers, one (1) good road plow, and shall receive for its share of desk and other office equipment $7.50.

"Rex township shall receive 2 4-foot new Fresnos, 1 5-foot old Fresno, 1 old wheel scraper, 3 new slip scrapers, 2 old plows, desk and office equipment.

"Signed by the individual members of the board.

> "A. E. Bailey.
> "R. O. Miller.
> "F. I. Sheffer."

The provisions of the report were carried out by plaintiff and defendant, except in the item of $960. The plaintiff paid the entire indebtedness of $2,400, and called upon the defendant for the sum of $960, as agreed upon by the adjusters, and, upon defendant's refusal to pay the same, plaintiff brought this action for the recovery thereof.

In its answer defendant alleges that the settlement shown by the said report is not the settlement that was made by the board of adjusters; that the board of adjustment did not have present at its meeting sufficient data to determine the true state of affairs of said township, and that it was agreed by the members of said board that there should be a meeting of the boards of supervisors of the two townships to adjust the "road and bridge indebtedness upon a basis of each township being chargeable for the work and material furnished within its boundaries, but, by oversight or mistake in drafting the said adjuster's report, this latter provision was omitted from said report as signed and filed, * * * and said report is therefore incomplete and incorrect, and is not in fact the true determination and adjustment made by the board of adjustment formed for that purpose;" that all of the outstanding indebtedness attempted to be adjusted by the board by adjustment was indebtedness incurred for road and bridge work in Rex township prior to the division, and "that, had the said indebtedness been apportioned in accordance with the determination which said board of adjustment did in fact make, and which they intended to express in their written report, the sum of road and bridge work for which this defendant would be required to pay would not exceed the sum of $480.

The defendant further alleges that it has requested the board of supervisors of plaintiff to meet with its board and complete the adjustment, but that such board has refused to meet with defendant's board. In its prayer for relief, defendant asked that the report of the adjusters be reformed and corrected, so that it will express the real determination of the adjusters, or that the court remit the said report to the original adjusters, or that a new board be formed for the purpose of adjusting the affairs of the two townships. To this answer plaintiff demurred, and, from an order sustaining such demurrer defendant appeals.

■■ At the outset we are met with a question of practice. Appellant, assuming that it was not necessary for a civil township to file an undertaking on appeal, did not file an appeal bond, and respondent now moves to dismiss the appeal, because no such bond was filed. Respondent directs our attention to Dring v. St. Lawrence Tp., 23 S. D. 624, 122 N. W. 664, where this court held that an organzied township was not required to furnish an undertaking on appeal to this court, but says the question was not given adequate consideration on that occasion.

Respondent's motion is based upon the provisions of sections 3161 and 6154, Code 1919. Section 6154 reads as follows: "Except where a different intention plainly appears, the phrase 'municipal corporation' as used in this part shall be construed to embrace all cities and towns organized as such under the general laws of this state or special acts of the territorial legislature, but not to include any other local, political subdivision.

This provision of the law does not include civil townships, and in view of this provision we believe the court was wrong in its holding in Dring v. St. Lawrence Tp. But the opinion in that case was handed down nearly 20 years ago. The question of the necessity of a bond, in an appeal taken by a civil township, was squarely passed upon in that case, and, since the question is one of procedure only, we think the rule of stare decisis should be applied, and that appellant's appeal should not be dismissed because of having relied upon a decision which has stood unquestioned for so many years.

■ Section 6039, Code 1919, specifically sets out the manner of dividing the property and adjusting the liabilities of townships in cases like this. It is clear from the provisions of this section

that the board of adjustment alone has jurisdiction to make the adjustment, and its report, in the absence of fraud or mistake, when made, is final. This precludes the court or the boards of supervisors of the respective township from making the adjustment. It is alleged in the answer, and admitted by the demurrer, that the report, as signed and filed by the board of adjustment was not complete and does not correctly state the determination of such board. This being the case, the board ought to be required to reassemble and complete the adjustment. No complaint is made of the division that was made of the personal property, and that division need not be disturbed. But the indebtedness may be readjusted, and such readjustment, if made, may, if necessary, be enforced by the court.

The case will be remanded to the trial court, with directions to proceed in conformity with this opinion.

SHERWOOD, P. J., concurs.

MISER, C., dissents.

MORIARTY, C., acting in place of BROWN, J., disqualified.

MISER, C., acting in place of BURCH, J., disqualified.

MORIARTY, C. (concurring specially). This is an appeal from an order sustaining a demurrer to part of the answer. The complaint alleges as follows:

In the year 1922 the territory previously constituting the township of Rex was divided into two townships, now known as Rex township and Bailey township. Pursuant to the provisions of section 6039 of the Revised Code of 1919, a board was appointed to adjust the settlement of assets and liabilities between the two townships. This board made and filed a report, providing, among other things, that the present Rex township should pay $1,440 and Bailey township should pay $960 of the $2,400 indebtedness of the original township. Since said report was filed, the plaintiff, Rex township, has paid the entire $2,400 of the said indebtedness, and the plaintiff asks to recover from the defendant the sum of $960, paid on behalf of said defendant.

To this complaint the defendant interposed an answer setting forth what are denominated as two separate defenses. As a first defense, this answer admits the division as alleged in the complaint, the appointment of the board of adjustment, and the filing of its

report in the word and figures set forth in the complaint. But it alleges that, owing to a mistake on the part of said board, and owing to their inability to determine what certain items of outstanding indebtedness represented in the way of expenditures, a material and important part of the determination of said board was omitted from said report, and on that account said report does not truthfully set forth the determination of said board. As a so-called further defense the answer alleges as follows:

During the period before the division of the original Rex township, as set forth in the complaint, various sums of money were raised by taxation from the property of said original township. Said moneys were expended mostly for roads and bridges within the boundaries of the plaintiff, the present Rex township. The money so raised by taxation of all the property located in the original Rex township, and the public improvements erected and maintained therewith, have inured to the benefit of the present Rex township to a much greater extent than is equitable.

At the time is was seeking to make the adjustment between the two townships, the adjustment board did not have access to the records, which would enable its members to determine for what purposes the outstanding indebtedness has been incurred, or what part of the public improvements paid for thereby inured to each of the present townships. And the written report was signed and filed with the understanding between the board members that a further provision should be written into the report, modifying it, so as to make it provide for a division of the indebtedness upon a basis of each township being charged with the work and material used within its boundaries; that by oversight and mistake this latter provision was omitted from said report as signed and filed; that the said report is therefore incomplete and incorrect, and does not in fact express the true intention of said board of adjustment, and is an inequitable and unfair adjustment of the outstanding indebtedness as it existed prior to division.

And the answer prays, in the alternative, for different forms of equitable relief, including a prayer that the court remit the report to the original board of adjustment, with instructions to fully and completely express in said report their final determination and adjustment of said township assets and liabilities. To this so-called second defense the plaintiff demurred, on the ground that

it does not state facts sufficient to constitute a defense. From an order sustaining this demurrer the defendant appeals.

The respondent contends that, before considering the question raised by the demurrer, this court should consider the question whether it has jurisdiction of this appeal. And on this point the respondent contends that we have no jurisdiction because no undertaking on appeal has been filed. Respondent's counsel say that while this court, in Dring v. St. Lawrence Tp., 23 S. D. 624, 122 N. W. 664, holds that no undertaking is required in an appeal taken by a civil township, that case did not receive adequate consideration, and should not control in this case. The opinion in Dring v. St. Lawrence Tp., supra, was handed down nearly 20 years ago. The question of the necessity of a bond, in an appeal taken by a civil township, was squarely passed upon therein, and, since the question is one of procedure only, we think the rule of stare decisis should be applied, and no litigant denied the right of appeal because of having relied upon a decision which has stood unquestioned for so many years.

As to the question raised by the demurrer: The plaintiff's suit is for the recovery of money alleged to have been paid on defendant's behalf. Its right of recovery rests entirely upon the theory that the defendant was rendered liable for the $960 payment by virtue of a valid report of the board of adjustment. The report as filed, being presumed to be complete and correct, is undoubtedly sufficient to make a prima facie case establishing defendant's liability; but the defendant's answer, both in that part attacked by the demurrer and in that part not so attacked, sets up the defense that the report as filed does not truthfully set forth the actual determination of the board of adjustment.

Although the part of the answer to which the demurrer is directed begins with the words "For a further defense," no further defense is in fact pleaded. That part of the answer simply seeks to elaborate upon the allegation that the report as filed does not set forth the actual determination of the adjusters. The rights of the parties in the matter of road and bridge expenditures have nothing to do with the merits of the demurrer. This demurrer admits that the report as filed "does not in fact express the true intention of the board of adjustment, and is also an inequitable and unfair adjustment of the outstanding indebtedness and improve-

ments formerly erected and maintained in the said Rex township, as it existed prior to division." Whether the adjustment for which the defendant contends would be a proper and equitable adjustment depends upon facts which are not before us, and concerning which it is useless for us to conjecture.

Among other provisions section 6039, R. C., provides: "Such board shall have power to determine and declare what portion of the bonded or other indebtedness of the original township shall be assumed and paid by each of the new townships so organized, and also to ascertain and determine what sum either of such new townships shall pay to the other on account of school buildings *or other public improvements* which such township may have received prior to and retained on such division. * * * All such divisions and adjustments shall be made, as near as may be, on the basis of the assessed valuation of property in each of such townships, as determined by the assessor for the year preceding such division, and on the value of such school buildings and other *property* at the time of such division of such township."

We cannot assume, upon the record now before us, that the report which the adjustment board may make as its final determination will require the court to pass upon any conflict there may be between the terms "other public improvements" and "other property," as used in the statute. Nor are we to presume that the board, if allowed to amend this report, will fail to act in accordance with law. The relevant fact, pleaded in the answer and admitted by the demurrer, is that the report filed is not a complete or correct report of the determination of the board, and that the paper was signed with the understanding that further information should be secured and a different adjustment of the debts provided for.

Plaintiff's case depends upon the theory that the report as filed is valid and binding. It can not be binding, if the facts are as the demurrer admits. If the plaintiff is to recover what it voluntarily paid on behalf of the defendant, the burden is upon the plaintiff the show that the adjustment made legally binds the defendant to pay $960. The defendant is not the adjustment board; it is no part of defendant's duty to see that the report is valid.

We are not dealing with a motion to strike matter from the answer, nor was the trial court dealing with any such motion. The questions raised by such motion would be materially different from those raised by the demurrer.

For the foregoing reasons, I concur in the result arrived at in the opinion of POLLEY, J.

CAMPBELL, J. (concurring specially). I agree with the view expressed in the dissenting opinion of MISER, C., that the board of adjusters cannot lawfully make any other division of the $2,400 indebtedness than the one they have now in fact made. I do not think they can lawfully apportion it as they say they mean to. But, under the pleadings in this case, I think perhaps MORIARTY, C., is right in saying that that precise question is not raised by this appeal. I therefore join in the views expressed by him in his special concurrence above, adding also that I am quite convinced that a civil township is not a municipal corporation, and this court, in Dring v. St. Lawrence Tp., 23 S. D. 624, 122 N. W. 664, very palpably erred in so indicating.

MISER, C. (dissenting). I am unable to agree with the majority opinion for the following reasons: The last sentence of section 6039, R. C. 1919, is as follows: "All such divisions and adjustments shall be made, as near as may be, on the basis of the assessed valuation of property in each of such townships, * * * and on the value of such school buildings and other property at the time of such division of such township."

The report of the board of adjusters is as follows: "We, * * * as a board of adjusters, * * * have decided that * * * as the valuation of Bailey township is $403,723 and the valuation of Rex township is $603,354, * * * making the ratio approximately 40 to 60; * * * that the outstanding indebtedness * * * being $2,400, shall be assumed by the new townships on this basis, equaling $960 and $1,440 respectively." This report of the adjusters, which is set out in full in the majority opinion, was, by appellant's answer, admitted to have been signed by the members of the board and filed as required by law. It is positive and explicit as to the determination made by the board of adjusters. On its face it shows no lack of compliance with section 6039 and section 6040, R. C. 1919.

However, in the answer demurred to, appellant also alleges that "Said board of adjustment, by mutual agreement, determined that they would ascertain the proportion which the assessed valuation of the plaintiff bore to the assessed valuation of the defendant, and make a report dividing all of the indebtedness on that basis,

but with the specific understanding that the board of supervisors of the plaintiff and the defendant assemble in a joint meeting and adjust the road and bridge indebtedness upon a basis of each township being chargeable for the work and material furnished within its boundaries, but by oversight or mistake in drafting the said adjusters' report, this latter provision was omitted from said report as signed and filed and set forth in paragraph three of the plaintiff's complaint, and said report is therefore incomplete and incorrect, and is not in fact the true determination and adjustment made by the board of adjustment formed for that purpose."

Inasmuch as the question before this court is whether a demurrer was properly sustained to such an answer, the truth of the allegations in appellant's answer is admitted. But is appellant township entitled to have the indebtedness of the old township apportioned on the basis for which appellant now contends?

In appellants answer, it is alleged that all of the outstanding indebtedness of $2,400 was incurred for road and bridge work. If this indebtedness were to be apportioned "on the basis of each township being chargeable for the work and material furnished within its boundaries," as appellant contends it should be, would inquiry be restricted to where that $2,400 only was spent? It might be that only $480 of that sum was expended in Bailey township, as appellant alleges, and yet, by other expenditures, Bailey township have roads and bridges of greater value than the new Rex township. Expenditures in one township might be for bridges, while greater expenditures in the other might be for maintenance. Could the apportionment of the indebtedness for which appellant contends be fairly said to be on the "basis of assessed valuation * * * and on the value of * * * property at the time of such division"? The basis of apportionment which appellant alleges the adjusters wanted to have used, and which appellant now seeks to have used is one of amount of expenditure, rather than one of "value at the time of such division." The adjusters have actually, though appellant alleges inadvertently, made the adjustment according to law. Their report should not now be set aside, in order that they may apportion the indebtedness on a basis not contemplated by law.

The foregoing assumes that the words "other property," in the last sentence of section 6039, hereinbefore quoted, include roads

and bridges in the interested townships. Even under such an assumption, appellant's answer does not allege facts sufficient to constitute a defense; but I am of the opinion that the words "other property" do not include roads and bridges. See State ex rel Mountrail County v. Amundson, 23 N. D. 238, 135 N. W. 1117; State ex rel Foster v. Ritch, 49 Mont. 155, 140 P. 731; State ex rel Missoula County v. Brown, 73 Mont. 371, 236 P. 548. In either event, the answer demurred to does not plead a defense, and, in my opinion, the demurrer was properly sustained.