REX TWP., Respondent, v. BAILEY TWP., Appellant.

(227 N. W. 488.)

(File No. 6019.   Opinion filed November 19, 1929.)

*M. Q. Sharpe,* of Kennebec, for Appellant.
*Brown & Brown,* of Chamberlain, for Respondent.

MISER, C. A complete statement of the issues on this appeal was given in the former opinion of this court, reported in 54 S. D. 307, 223 N. W. 200. They may be summarized thus: In April, 1922, Rex township, which had been organized for about 15 years as a civil township of Lyman county, was subdivided into Rex township and Bailey township. It had an outstanding indebtedness of $2,400 and owned some personal property consisting largely of road scrapers. The board of adjustment appointed under authority of section 6039, Rev. Code 1919, found that the assessed valuation of Bailey township was $403,723 and of Rex township $603,354, and on that ratio apportioned the indebtedness, charging Bailey township with $960 and Rex township $1,440. The personal property was equitably apportioned by giving specific items to each township. This division was made. Rex township paid the entire indebtedness of $2,400 and called upon Bailey township for reimbursement of $960. Upon the refusal of Bailey township to make reimbursement, suit was brought therefor.

In the answer of Bailey township, it was alleged that, while the board of adjustment had signed and filed a report adjusting the indebtedness as above stated, said report did not truthfully set forth the actual determination of the board of adjustment. The answer alleged: "Said board of adjustment by mutual agreement, determined that they would ascertain the proportion which the assessed valuation of the plaintiff bore to the assessed valuation of the defendant, and make a report dividing all of the indebtedness on that basis, but with the specific understanding that the Board of Supervisors of the plaintiff and the defendant assemble in a joint meeting and adjust the road and bridge indebtedness upon a basis of each township being chargeable for the work and material furnished within its boundaries, but by oversight or mistake in drafting the said adjusters' report, this latter provision was omitted from said report as signed and filed and set forth in * * * plaintiff's complaint, and said report is therefore incomplete and incorrect and is not in fact the true determination and adjustment made by the board of adjustment."

This appeal is from the order sustaining a demurrer to such answer.

■ The authority of the board of adjustment is stated in section 6039, Rev. Code 1919, in the following language: "Such board shall have power to determine and declare what portion of the bonded or other indebtedness of the original township shall be assumed and paid by each of the new townships so organized, and also to ascertain and determine what sum either of such new townships shall pay to the other on account of school buildings or other public improvements which such township may have received prior to and retained on such division, and also to make a just and equitable division of all money or other property belonging to such original township at the time of such division." The statute then proceeds to prescribe the basis of such adjustment in the following language: "*All such divisions and adjustments shall be made, as near as may be, on the basis of the assessed valuation of property in each of such townships, as determined by the assessor for the year preceding such division, and on the value of such school buildings and other property at the time of such division of such townships.*"

Did the board of adjustment, however inadvertently, adjust the indebtedness according to law? Certainly it was made on the basis of assessed valuation. Bailey township contends, however, that, during the 15 years of existence of old Rex township, at least 90 per cent of the money raised by taxation was expended for roads and bridges in what is now the new Rex township, and that, during the year preceding the division, more than 80 per cent of the funds raised from taxation were expended for roads and bridges within the new Rex township; that, had the indebtedness been apportioned in accordance with the actual, though unexpressed, intention of the board of adjustment, Bailey township would not have been required to pay to exceed $480. Assuming that roads and bridges are "other property" within the meaning of section 6039, it is apparent that Bailey township is not attempting to have their value "at the time of such division of such township" used as a basis of adjustment, but instead seeks to use as a basis of adjustment the respective amounts expended. In appellant's brief, the contention is advanced that the adjusters decided to have the warrant register canvassed and to have each township assume and pay for the recent road work done within its boundaries. While this would reduce the period of investigation from the approxi-

mately 15 years of old Rex township's existence down to the period beginning with the oldest outstanding warrant and ending with the latest outstanding warrant, it would still not use as the basis of adjustment the "value" of such roads and bridges "at the time of such division of such township."

But is it right to assume that roads and bridges are such "other property" as forms one of the bases of adjustment under section 6039? Counsel for Rex township takes the position that under no circumstances can roads and bridges be considered property of such a kind as is used as a basis of adjustment between townships. Counsel admits that they are public improvements, but not the kind of public improvements contemplated by section 6039. Counsel contends that the property intended to be considered by the statute is property of such a nature that its benefits inure solely to one or the other of the two townships, that is, property in which one or the other township may be said to have a proprietary interest; that roads and bridges are not property of this kind, because any resident of the other township has just as much right to use them as does a resident of the township where they are located. In support of these contentions, counsel cites State ex rel. Mountrail County v. Amundson, 23 N. D. 238, 135 N. W. 1117, 1118; State ex rel. Foster v. Ritch, 49 Mont. 155, 140 P. 731; State ex rel. Judith Basin County v. Poland, 61 Mont. 600, 203 P. 352.

In the North Dakota case, the language construed was "public property owned by * * *·the original county." With reference to the contention that the county has no greater interest or ownership in its courthouse and public grounds than it has in its highways and bridges, the North Dakota court said: "It is true that each are paid for by public moneys, but as to the courthouse, grounds, and other property the county has a proprietary interest therein and may, under certain conditions, sell and transfer title to another. Not so, however, as to roads and bridges. They may not be sold, leased, or otherwise disposed of by the county, for they belong to the general public." See, also, State ex rel. Judith Basin Co. v. Poland, supra.

In Bonneville County v. Bingham County, 24 Idaho, 1, 132 P. 431, 432, the Idaho court had under construction an act creating plaintiff county out of defendant county. The court construed the phrase "public property belonging to Bingham county" as not ap-

plying to roads and bridges. It said: "Said section in no way mentions bridges and roads as public property, and the Legislature perhaps did not so mention bridges and roads for the reason that bridges and roads are not generally recignized as public property. Elliott on Roads and Streets, vol. I, § 32, cites many authorities." To the same effect, see Steuben Tp. v. L. S. & M. S. Ry. Co., 58 Ind. App. 529, 108 N. E. 545; Lamphier v. Karch, 59 Ind. App. 661, 109 N. E. 938. See, also, Elliott on Roads and Streets (4th Ed.) § 36; 9 C. J. 464; State ex rel. Foster v. Ritch, supra.

That roads and bridges are not property within the meaning of section 6039 is supported by various sections of our statute law relating to townships. Section 6153 is part of article 23 (section 6149 et seq.), which prescribes the method by which a civil township is abolished. By section 6153, the provisions of the article do not apply to any township owning real property. Section 6152 requires the surplus funds of the abolished township to be used up in work on its roads. If roads are property, the two sections are inconsistent, and no method has been devised for the abolishment of a township owning such property. Although bridges are part of the public highways (section 8669, Rev. Code 1919; 4 R. C. L. 195), the township's proprietary ownership therein is so lacking that the duty of constructing them rests upon the county commissioners (section 29, c. 333, Laws 1919), and whenever the majority of the freeholders of a civil township or a majority of the freeholders living within a radius of three miles of a proposed location of a bridge petition the board of county commissioners for such bridge, and the estimated cost thereof exceeds $200, if the board of county commissioners approve of its location and construction, they shall proceed to erect the same. Section 30, c. 333, Laws 1919. This is inconsistent with proprietary ownership by the township. It may be, as said in State ex rel. Foster v. Ritch, supra, that a bridge upon a road that has been abandoned has a distinct, independent value and may possess the character of township property; but there is no suggestion that such a question is presented by this appeal. Finally, section 6039 does not specifically mention roads and bridges. Here the entire warrant indebtedness is claimed to have been incurred for roads and bridges. The failure to mention an item of such importance in township finances is significant. The statute does not declare that road and bridge in-

debtedness should be apportioned on the basis of location where spent. Had that been the legislative intent, it would have been easy to have so declared it and, in view of the authorities on which the decisions above cited are based, highly necessary to do so.

The holding that roads and bridges are not "other property" within the meaning of section 6039 is based on precedent and the sound weight of authority. But such precedent is consonant with equity. As said by the North Dakota court in State v. Amundson, supra: "The organization of the new county effects no change whatsoever as to the benefits to be derived in the future by the citizens of the new county from the roads and bridges in the old county. They will have the benefit thereof in the future the same as they had in the past, and consequently there is no equitable reason why they should not bear their just proportion of the cost of constructing the same." In the case at bar, whether the bridges and culverts were located by the county commissioners on petition or by the township supervisors, the mere filing of a report of a board of adjusters with the county auditor made them neither more nor less accessible to every member of the original township. See, also, the opinion of Justice David J. Brewer in Board of Com'rs of Marion County v. Harvey County, 26 Kan. 181, 195.

But appellant contends that the demurrer admits the allegation of the answer that the report, as signed and filed, was not a complete nor correct report of the determination of the board. It does. It also specifies in what it is incomplete and incorrect. The ultimate effect of the pleading, in the light of the law as above stated, is to show compliance by the board of adjustment with the statute, plus a harmless attempt to delegate the doing of something which could not legally be done. If the personal property has been equitably divided (and there is no suggestion that it has not), if the indebtedness has been adjusted in the only way the law permits (and the ultimate effect of the answer is to show that it has), why should the report be reformed or set aside? Under the facts alleged, it would be the duty of any subsequent board of adjustment to file the same sort of a report as is already on file, because the amount expended for roads and bridges which are in actual use as highways cannot be made a basis of adjustment under the statute.

The order sustaining the demurrer is affirmed.

SHERWOOD, P. J., CAMPBELL, J., and FULLER, C. (sitting in lieu of BROWN, J., disqualified), concur.

POLLEY J.  I still adhere to the former opinion filed herein.

MISER, C., sitting in lieu of BURCH, J., disqualified.