STATE ex rel. BOULWARE, Relator, *v.* PORTER, State Auditor, Respondent.

(No. 4,357.)

(Submitted January 30, 1919.  Decided February 6, 1919.)

[178 Pac. 832.]

*State Legislature—Election Contest — Jurisdiction—Compensation—Mandamus—Office and Officers—Burden of Proof.*

Office and Officers—Compensation—Burden of Proof.
1.   Emoluments follow the legal title to an office; hence one who seeks to enforce payment of compensation attached to an office has the burden of showing that he is in right as well as in fact the officer he claims to be.

State Legislature—Election Contest—Compensation—*Mandamus.*
2.   After relator had taken the oath of office as a member of the house of representatives, and had participated in the organization of the house and subsequent proceedings therein, a contest of his election was instituted.  Hearing of the contest was deferred until a proper presentation of contestants' evidence, and a resolution adopted by the house declaring relator entitled to a seat until determination of the contest, and calling upon the sergeant-at-arms to certify relator's name to the state auditor upon the payrolls of the house. The auditor declined to issue a warrant in payment of relator's compensation.  *Held,* on *mandamus,* that the resolution was sufficient evidence of a determination by the house that the relator was a *de jure* member until such time as it might determine otherwise, and was therefore entitled to compensation as such.  (Mr. Chief Justice Brantly dissenting.)

Same—Right to Seat—How and by Whom Determinable.
3.   Each house of the legislative assembly is by the Constitution clothed with plenary and exclusive authority to determine for itself, and in its own way, whether a person who presents himself for membership is entitled to a seat, and each member, after seated, holds his office at the will and pleasure of the house to which he belongs, its authority in this respect being a continuing one running throughout the term for which he is elected.

     [As to jurisdiction of courts to review proceedings of bodies having power to judge of election and qualifications of members, see note in 16 Am. St. Rep. 220.]

*Mandamus.*    Original application by the State on the relation of Charles Boulware to compel George P. Porter, State Auditor, to issue a warrant to relator as compensation for services performed by him as a member of the house of representatives. Peremptory writ directed to issue.

*Mr. D. M. Kelly* and *Mr. William F. Meyer,* for Relator; *Mr. Kelly* argued the cause orally.

*Mr. S. C. Ford,* Attorney General, and *Mr. Frank Woody,* Assistant Attorney General, for Respondent; *Mr. Woody* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This proceeding was submitted upon pleadings which raise no material issues of fact and presents for determination the question: Is the relator entitled, as a matter of right, to compensation for services rendered as a member of the house of representatives in the sixteenth legislative assembly?

From the record we learn these facts: The county canvassing [1, 2] board declared the relator elected and issued to him a certificate of election. On the opening day of the session he presented his certificate, took the constitutional oath, assumed the duties of his office, participated in the organization of the house and thereafter in its subsequent proceedings. A contest of his election and the election of eight of his associates was instituted and a statement in writing setting forth the grounds of contest was presented to the house, referred to the appropriate standing committee which, after preliminary investigation, declined to proceed with a hearing until the contestants present their evidence in the form prescribed by sections 82–90, Revised Codes. Thereafter, on January 22, the house adopted a resolution, which recited the facts relating to the contest and the action of the committee, and the further fact that a determination of the contest will involve delay, and concluded as follows: "Be it resolved: That said contestees be and they are hereby, declared to be members of this house and entitled to seats therein until the final determination of said contest; and, Be it further resolved, that the sergeant-at-arms be instructed to certify said members to the state auditor upon the pay-rolls of this house, and that the state auditor be advised that they are and shall be the qualified and acting members of this house until the final determination of said contest."

We are not called upon to determine the abstract question: Is a *de facto* member of the legislative assembly entitled to com-

pensation pending a final determination of a contest which challenges his right to the seat? For present purposes we may assume that the *dictum* pronounced by this court in *State ex rel. Thompson* v. *Kenney,* 9 Mont. 223, 23 Pac. 733, expresses correctly the rule of procedure to be observed in a case like the supposititious one involved in the question just propounded.

Conceding for present purposes that relator is entitled to the privileges and immunities of a member and that he may vote upon pending measures, it is nevertheless the contention that when he comes into court to enforce the payment of compensation on account of his services, he must assume the burden of showing that he is in right as well as in fact a member of the house. We agree with this contention, for it is the general rule that the emoluments follow the legal title to the office. (*Rasmussen* v. *Board,* 8 Wyo. 277, 45 L. R. A. 295, 56 Pac. 1098.) What evidence is necessary to exhibit to this court the fact that relator is a *de jure officer?*

The Constitution clothes each house of the legislative assembly with plenary and exclusive authority to determine upon the election, returns and qualifications of its members. (Art. V, sec. 9.) The authority thus recognized as lodged in each house, is indispensable to its independence and existence. It emanates directly from the people to each house as an independent entity and cannot be delegated or granted away. Each house acts for itself and from its decision there is no appeal. No individual, officer, court or other tribunal can infringe upon its exclusive prerogative to determine for itself, and in its own way, whether a person who presents himself for membership is entitled to a seat. (*State ex rel. Smith* v. *District Court,* 50 Mont. 134, 145 Pac. 721; *State ex rel. Ford* v. *Cutts,* 53 Mont. 300, 163 Pac. 470.) Either house may even act arbitrarily and in disregard of fundamental rights. It may oust a member whose election is beyond controversy and seat as a member a person who is disqualified for the office, but, if it should do so, there is still no recourse. This case presents no analogy to the one of a *de facto* state or county officer whose right is contested

and whose title to office depends upon a judicial determination of the controversy. Relator holds his seat—as does every other member—at the will and pleasure of the house. If, then, the house has determined the right of relator to the office, its decision is conclusive upon the courts.

It cannot be maintained that it was the intention of the house in adopting the resolution above, to do nothing more than recognize the relator as a *de facto* member. That recognition had been accorded him from the hour the house assembled. If the purpose was not to determine the right of relator to his seat, then the resolution is meaningless. But this court will not indulge the presumption that the house acted without any purpose or in bad faith, but, on the contrary, will view the resolution in the light of surrounding circumstances and give to it the meaning which harmonizes with the apparent purpose intended.

It is suggested, however, that the resolution does not purport to evidence a final determination of relator's right, but in this [3] connection the term *final* is a misnomer. Upon the question of the election and qualification of a member, there cannot be such a thing as a final decision, in the sense of a decision conclusive upon the house, until final adjournment for the term for which the members, in this instance, were elected. The authority to pass upon the membership is a continuing one and runs throughout the term. It is so complete and conclusive that relator may be seated to-day after a hearing, and deprived of his office to-morrow upon the same facts. After a member has received compensation for his services for fifty-nine days of the session, the house, may then declare that he was never legally elected and seat another in his stead with the right to compensation from the opening day. Neither the fact that the state may be called upon to pay double compensation, nor the fact that one of the two contenders has received compensation, reflects in the least upon the ultimate right to the office.

Our conclusion is that in the resolution above, the relator has presented to this court evidence of a determination by the

house that he is *de jure* a member until such time as the house may determine otherwise, and that he is entitled to the compensation which attaches to the office.

It is ordered, adjudged and decreed that a peremptory writ of mandate issue herein directed to the respondent, as auditor of the state of Montana, commanding him to deliver to the relator a warrant upon the state treasurer for the compensation to which relator is entitled by virtue of his membership in the house of representatives of the sixteenth legislative assembly.

MR. JUSTICE COOPER concurs.

MR. CHIEF JUSTICE BRANTLY: I dissent. The writ of *mandamus* lies only to compel the performance of a clear legal duty. (Sec. 7214, Rev. Codes; *State ex rel. Breen* v. *Toole,* 32 Mont. 4, 79 Pac. 403; *State ex rel. Donlan* v. *Board of County Commrs.,* 49 Mont. 517, 143 Pac. 984; *State ex rel. Culbertson Ferry Co.* v. *District Court,* 49 Mont. 595, 144 Pac. 159.) The affidavit of the relator discloses that his title to the office is put in issue by a contest. Until the issue is determined finally, the relator does not, in my opinion, exhibit a clear right to the compensation which attaches to the office. It is true, the house in which he now occupies a seat is the exclusive judge of the election of its own members; but it has not yet undertaken to determine whether the relator is in fact a member either for the term or for any portion of it. The resolution goes no further than to declare what the statute itself declares, *viz.:* that the certificate held by him is *prima facie* evidence of his right to membership of the house. (Rev. Codes, sec. 56.) It does not have the effect of giving him a right to demand that the auditor issue to him a warrant for his compensation, nor enjoin upon the auditor the duty to do so, so long as his title to the office is contested.

The supposed case stated by Mr. Justice Harwood, in *State ex rel. Thompson* v. *Kenney,* 9 Mont. 223, 23 Pac. 733, cited by Mr. Justice Holloway, is exactly the case presented by relator's

affidavit, and though the conclusion announced by Mr. Justice Harwood was a *dictum* not called for by the facts of the case before the court, I think it embodies the rule which should be observed in this case. If relator should finally be seated, he would be entitled to compensation from the beginning of the term. If the contestant should finally be seated, he would be entitled to compensation for the same time. It, therefore, being uncertain whether the relator will ever be entitled to any compensation, it is not clearly the duty of the auditor to issue him a warrant for compensation.