[No. 19271.   Department One.   June 23, 1925.]

THE STATE OF WASHINGTON, *on the Relation of W. W. Rogers et al., Respondents,* v. J. C. JOHNSON, *as Mayor of the City of Olympia, Appellant.*[1]

MUNICIPAL CORPORATIONS (60)— STATUTES (54)— OFFICERS — EXPIRATION OF TERM—HOLDING OVER—PRINCIPLES AND MAXIMS OF CONSTRUCTION.   Under the rule that an officer ordinarily holds over until his successor is appointed and qualified, appointive city officers, under Rem. Comp. Stat., § 9117, hold over after the end of the term of the mayor appointing them, notwithstanding § 9116, relating to elective officers, expressly provides that elective officers hold until their successors are elected and qualified, while there is no similar provision as to appointive officers; the maxim *"expressio unius est exclusio alterius"* not applying to control a case calling for other rules and presumptions of law.

SAME (57)—OFFICERS—APPOINTMENT—CONFIRMATION — NECESSITY. Under Rem. Comp. Stat., § 9117, providing that city appointive officers shall be subject to confirmation by the council, they have no right to the office until confirmed and their predecessors hold over until such confirmation.

SAME (60)—OFFICERS—APPOINTMENT—VACANCY IN OFFICE—STATUTES.   Rem. Comp. Stat., § 9119, relating to the filing of a "vacancy" in an appointive city office, has no application to an officer holding over after the end of his term until the appointment and confirmation of his successor.

Appeal from a judgment of the superior court for Thurston county, Teats, J., entered February 10, 1925, in favor of the plaintiffs, in an action to compel the mayor of a city to sign salary warrants, after a hearing to the court upon the merits.   Affirmed.

*George R. Bigelow,* for appellant.

*Troy & Yantis,* for respondents.

PARKER, J.—The relators, claiming to have been rightfully in possession and exercising the functions of the offices of chief of the fire department, chief of

[1]Reported in 237 Pac. 12.

police, superintendent of the city water department, assistant chief of the fire department, and police sergeant, respectively, of the city of Olympia, during the whole of the month of January, 1925, commenced this mandamus proceeding in the superior court for Thurston county seeking a writ of mandate requiring J. C. Johnson, as mayor of the city, to sign warrants for their respective compensations as such officers for that month, which were ordered by the city council to be drawn and issued against the proper fund of the city and which have been by the city clerk drawn and prepared accordingly for the mayor's signing. A hearing upon the merits in the superior court resulted in the awarding of a judgment and directing the issuance of a writ of mandate as prayed for by the relators, from which this appeal has been taken by Johnson as mayor.

The offices in question are all appointive offices; that is, either by statutory or ordinance provisions they are required to be filled by appointment by the mayor subject to confirmation by the city council. The relators were the duly appointed, confirmed, qualified and acting incumbents of these respective offices under the city administration which terminated on January 6, 1925; the mayor who appointed them then going out of office and being succeeded by appellant as mayor as the result of the city election held in December, 1924. At the regular meeting of the council held on January 6, 1925, appellant appointed successors to each of the relators in the respective offices and presented the appointments to the council for confirmation. The council deferred action on the question of confirmation until its second regular meeting thereafter, which was on February 3d, when it affirmatively refused to confirm each and all of such appointments. Pending the action of the council on the question of confirmation,

and immediately upon the appointments being made by appellant and presented to the city council for confirmation, the appointees demanded of and sought possession of the respective offices from the relators; which demands were all refused and the relators continued to retain possession and exercise the functions of the respective offices throughout the month of January, claiming it to be their right and duty to so retain possession and exercise the functions of the offices until the appointments of their successors should be confirmed by the council. The services of relators in the offices being so continued throughout the month of January, the council, on February 3d, duly allowed and ordered paid to them respectively the fixed salaries attached to the offices for the month of January, and further ordered warrants against the proper fund of the city to be issued accordingly; which warrants were, in pursuance of such direction, prepared by the city clerk and presented to appellant as mayor for his signature, which is required by law in that behalf if the respective relators were lawful incumbents of the offices during the whole of the month of January. Appellant refused to sign the warrants, claiming that none of the relators was a lawful incumbent of the respective offices during the whole or any part of the month of January, except during the first six days thereof.

The statute law with which we are here concerned is found in ch. 184, Laws of 1915, p. 650, being the general act relating to the government of cities of the third class, and is embodied in § 9114 and following of Remington's Compiled Statutes. Referring to these sections, we quote the portions thereof with which we are here concerned, as follows:

"§ 9116. The mayor, councilman-at-large, treasurer, city attorney and clerk shall be elected in the year

1915 for the term of one year. Such officers shall be elected in the year 1916 and biennially thereafter for terms of two years. Three councilmen, other than councilman-at-large, shall be elected in the year 1915 for terms of three years. Three councilmen, other than councilman-at-large, shall be elected in the year 1916 and biennially thereafter for terms of four years. All such elections shall be by the qualified electors of such city at a general municipal election to be held therein on the first Tuesday after the first Monday in December. All elective officers shall hold office from and after the first Tuesday in January next succeeding the date of election and until their successors are elected and qualified. The mayor shall appoint a chief of police, police judge, city engineer, street superintendent, health officer and such other officers as shall be provided by ordinance. The term of every appointive officer shall expire at the same time as that of the mayor appointing him unless such officer be sooner removed by the mayor by and with the consent of not less than four councilmen.

"§ 9117. All appointments of officers and employees made by virtue of this act, shall be subject to confirmation by the city council. Final action on any appointment shall be taken by the city council not later than the second regular meeting after the submission of the same by the mayor to the city council; Provided, however, that failure by the city council to take such action on any appointment made by the mayor, within the time aforesaid, shall be deemed a confirmation. If the city council shall refuse to confirm any appointment of the mayor, then he shall at or before the next meeting of the council thereafter, appoint another person to fill the office or position, and he may continue to appoint until his appointment is confirmed. . . .

"§ 9119. Any vacancy occurring in any of the offices provided for in this chapter shall be filled by appointment by the mayor, but if such office be elective, such appointee shall hold office only until the next regular election, at which time a person shall be elected to serve for the remainder of such unexpired term. . . ."

It is contended in behalf of appellant that on January 6, 1925, upon the expiration of the term of office and the going out of office of the mayor who appointed the relators to the offices in question, their duties and functions as such officers were absolutely terminated, regardless of whether or not their successors were then appointed or confirmed. This contention is rested upon the language of § 9116 above quoted, the argument being that such must be the result because of the absence of direct legislative expression evidencing an intent to continue appointive officers in office after the expiration of their regular fixed terms until their successors are appointed and confirmed, in view of the direct legislative expression evidencing an intent to continue elective officers in office after the expiration of their regular fixed terms "until their successors are elected and qualified." Counsel invoke the maxim *"Expressio unius est exclusio alterius.* The expression of one thing is the exclusion of another." Vol. 2, Bouvier's Law Dictionary, p. 2134. This is often of material aid in determining the meaning of legislative expressions, but after all it is only an aid to that end and may not be controlling in a given case calling for consideration of other rules and presumptions of law. 36 Cyc. 1122. The courts generally indulge in a strong presumption against a legislative intent to create by statute a condition which may result in an executive or administrative office becoming, for any period of time, wholly vacant and unoccupied by one lawfully authorized to exercise its functions. This court in *State ex rel. Dudley v. Daggett,* 28 Wash. 1, 68 Pac. 340, gave full force and effect to this presumption under statutory provisions of similar effect as § 9116 above quoted relating to the tenure of cities' elective and appointive officers; Judge White, speaking for the court there announcing the rule, as follows:

"... the rule of law is that an officer shall hold office until his successor is appointed and qualified, unless by the language of the statute such holding over is expressly or by clear implication prohibited; ..."

See, also, 2 McQuillin, Municipal Corporations, § 487; 22 R. C. L. 554.

We are of the opinion, assuming that there were no duly appointed and qualified successors of relators to assume the duties and functions of the offices in question, that the relators were all lawfully in possession and exercising the functions of the offices during the whole of the month of January, and hence entitled to the fixed compensation for that month attached to such offices.

It is further contended in behalf of appellant that upon his appointment of the relators' successors and the submission of their appointments to the council for confirmation on January 6th, such appointees became entitled to immediate possession of the offices and empowered to exercise the functions thereof, and that thereby the relators' powers and functions and rights to the offices were then absolutely terminated. The argument is that the confirmation has to do only with the question of whether or not such appointees shall remain in office; that is, that they were, by the mayor's appointment alone, in office and entitled to the possession and the exercise of the functions of the office until the question of the confirmation of their appointments might be decided adversely to them by the council. We think the applicable rule is as stated in the text of 22 R. C. L. 433, as follows:

"Wherever under a constitutional or statutory provision the appointment is required to be made with the approval of some officer or body, such appointment must be approved before the person is legally entitled to the office."

See, also, 2 McQuillin, Municipal Corporations, § 466; 29 Cyc. 1372.

We are of the opinion, therefore, that the appointees of appellant had no rights whatever in the respective offices in question during any part of January because their appointments were not confirmed during that month, either affirmatively or by want of action of the council within the time prescribed by the statutes above quoted.

Some further contention seems to be made in appellant's behalf rested upon the language of § 9119 above quoted. The argument seems to proceed upon the theory that upon the expiration of the regular term of an appointive office there becomes a ''vacancy'' in the office within the meaning of that term as used in § 9119. It seems to us, reading all of the above statutory provisions together, the term ''vacancy,'' as used in that section, means an absolute vacancy; that is, a vacancy consisting of no one lawfully in the office exercising its functions; at least in so far as we are concerned with the question of the mayor's power to make appointments enabling the appointees to assume the functions of the offices without confirmation by the council. It would seem that even the appointment to fill such a vacancy, to become permanently effective, would have to be confirmed by the council, though it may be that an appointee to fill such a vacancy would have the right to enter upon the performance of the functions of the office immediately, pending confirmation by the council. That, however, is not the precise question here. We do not think, under all the circumstances, that the provisions of § 9119 have reference to appointments to be made at the beginning of the regular official term; in other words, that such appointments are not appointments to fill vacancies.

The questions here presented are, it must be confessed, not without attendant difficulties of solution. Considered, however, from all viewpoints, we are of the opinion that the judgment of the trial court is right and should be affirmed. It is so ordered, and the cause is remanded to the superior court with directions to issue its writ of mandate as directed by its judgment.

TOLMAN, C. J., BRIDGES, MAIN, and ASKREN, JJ., concur.