STATE ex rel. PETERSON et al., Appellants, *v.* PECK, Respondent.

(No. 6,916.)

(Submitted October 13, 1931.   Decided November 17, 1931.)

[4 Pac. (2d) 1086.]

*Mr. R. L. Clinton* and *Mr. W. M. Black,* for Appellants, submitted a brief; *Mr. Clinton* argued the cause orally.

*Mr. Henry McClernan* and *Mr. Louis P. Donovan,* for Respondent, submitted a brief.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from a judgment dissolving an alternative writ of mandate directed to the respondent, M. L. Peck as mayor of the town of Sweet Grass. The only question involved is whether the court erred in refusing to make the writ peremptory.

From the pleadings and proof it appears without dispute that at all of the times herein mentioned, the respondent was, and now is, the duly elected, qualified and acting mayor of the town of Sweet Grass. Ray Barkuloo, who was the acknowledged clerk of the town of Sweet Grass, resigned his office on or about the fourteenth day of May, 1931, and removed to the city of Great Falls. Before leaving, he delivered the minute-books of the town council, the warrant register, book of town ordinances, and other town papers and documents to one Eva Merritt, at respondent's direction. After Barkuloo's resignation, the mayor named her to be the city clerk, but the city council refused to confirm her appointment or to conduct any meeting while she was present, assuming to act as clerk; and therefore the mayor at the regular monthly meetings held in June and July, although all councilmen were present, directed Mrs. Merritt to mark them absent as they refused to answer roll call made by her, and adjourned the meetings. Mrs. Merritt states that she has never been requested by any of the councilmen to inspect any of the books or documents of the town in her possession, and that they or any of them are welcome to inspect the same

at any time during business hours. There has been much ado and neglect of the business and affairs of the town, all because the mayor insists that Mrs. Merritt shall be the town clerk, and the city council has refused to confirm her appointment or to officially recognize her.

The town clerk is an appointive officer, and the mayor of a city or town has power "to nominate, and, with the consent of the council, to appoint all non-elective officers of the city or town, provided for by the council." (Subd. 1, sec. 5030, Rev. Codes 1921.) The power to nominate to fill a non-elective office also includes like authority when a vacancy arises therein; but in either event the appointment is not effective until concurred in by a majority of the city or town council. And when duly appointed, it is expressly made the duty of the clerk of a city or town "to file and keep all records, books, papers, or property belonging to the city or town, and to deliver the same to his successor when qualified." (Id. 5033, subd. 5.) But in this instance there is no clerk of the town. The books, documents and papers are in the possession of one Eva Merritt, a stranger, whom the city council refuses to recognize as a town officer. Her possession of them may be considered as the mayor's possession, since they were delivered to her and by her held at his direction. The statute made it the specific duty of the former town clerk to deliver the city records, books and papers "to his successor when qualified." This he could have been compelled to do as an especial duty enjoined by statute. And where, as in this instance, there be no clerk, then, under the facts in this case, it is the duty of the mayor as representative of the town to care for and preserve such documents until a clerk is regularly appointed to whom they may be delivered. There is no legal duty to be performed for which the mayor may be coerced, and his counsel stated in open court that the books are subject to inspection by the relators at "any reasonable hour and under any reasonable circumstances, at any time."

The remedy of the relators is by writ of mandate to compel the mayor to nominate a suitable person, other than Mrs. Merritt, as clerk of the town council, and when so named and confirmed by the council, he is entitled to the custody of such books and papers. If necessary, the regularly appointed clerk may recover them in an action of replevin against any person wrongfully withholding them. And as against his predecessor in office, Barkuloo, the statute makes it clear that he could successfully maintain an action in mandamus. However, the books, documents and papers already appear to be in the lawful possession of the city through its executive head, the mayor, and all that is lacking is the appointment and qualification of a lawful custodian, i. e., the town clerk. The writ of mandate may be issued "to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station" (sec. 9848, Rev. Codes 1921), and to obtain the aid of the court by mandamus the relators must establish a clear legal right in themselves, and a violation of a duty by the person or officer sought to be coerced. (*State ex rel. Beach* v. *District Court,* 29 Mont. 265, 74 Pac. 498; *State ex rel. Cutts* v. *Hart,* 56 Mont. 571, 7 A. L. R. 1678, 185 Pac. 769.) It lies only to compel the performance of a clear legal duty. (*State ex rel. Breen* v. *Toole,* 32 Mont. 4, 79 Pac. 403; *State ex rel. Donlan* v. *Board of Commissioners,* 49 Mont. 517, 143 Pac. 984; *State ex rel. Boulware* v. *Porter,* 55 Mont. 471, 178 Pac. 832.)

"The invariable test by which the right of one applying for a writ of mandate is determined is to inquire, first, whether he has a clear legal right; and if he has, then second, whether there is any adequate remedy to which he can resort to enforce his right; if there is such a remedy he cannot have mandamus." (16 Cal. Jur., p. 767.) And it lies only to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station. (Sec. 9848, supra; 16 Cal. Jur., p. 804; *Barnett Iron Works*

v. Harmon, 87 Mont. 38, 285 Pac. 191.) It will not lie to
compel the performance of an act beyond the power or duty
of the person sought to be coerced. (*State ex rel. Judith
Basin County* v. *Poland*, 61 Mont. 600, 203 Pac. 352.) "It
is the essence of the proceeding that there be some person,
officer or body in being, having the power, and whose duty
it is, to perform the act demanded. If there be none such,
it is obvious that the mandate of the court cannot be enforced."
(16 Cal. Jur., p. 783.)

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices
Ford, Angstman and Matthews concur.