STATE ex rel. SANDQUIST, Respondent, *v.* ROGERS, Mayor, Appellant.

(No. 7,060.)

(Submitted January 5, 1933. Decided January 26, 1933.)

[18 Pac. (2d) 617.]

*Messrs. Molumby, Busha & Greenan,* for Appellant, submitted a brief.

358

*Mr. A. F. Lamey,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

The relator, Sandquist, was appointed and confirmed on May 5, 1930, as city engineer of the city of Havre, a city of the second class. He qualified soon thereafter, and was in office on May 2, 1932, when defendant Rogers became mayor of the city. On that date the mayor nominated one Wallinder as city engineer, whose nomination failed of confirmation. The following day this nominee attempted to gain control of the engineer's office, but relator refused to yield. On May 16, 1932, the mayor nominated one Tower, and again the city council refused to confirm. He likewise tried to obtain custody of the engineer's office, without result. At a meeting of the city council on the same date, by motion carried, the relator was directed to discharge the duties of the office of city engineer at the salary provided by city ordinance until his successor was appointed and qualified. He alone performed the duties of the office during the month of May, 1933. His claims for salary in accordance therewith were approved and ordered paid by the council. Warrants were issued in payment by the clerk, and the mayor refused to sign the same. This action was brought to compel the mayor to sign the warrants in payment of the claims.

The defendant appeared pursuant to an alternative writ of mandate and endeavored to show cause by motion to quash. The cause was submitted, by stipulation of the parties, to the trial court upon the pleadings filed for judgment and decision. Judgment was entered directing the issuance of a peremptory writ of mandate in accordance with the prayer of relator's petition, for costs and damages, from which judgment appeal was perfected to this court.

By ordinance of the city of Havre it was provided that "as soon as convenient after each election, the mayor shall appoint his subordinate officers subject to confirmation by a majority vote of council, as follows: * * * one city engineer."

Section 5030, Revised Codes of 1921, enumerates among the powers of the mayor of a city the following: "To nominate, and, with the consent of the council, to appoint all non-elective officers of the city." Section 4996, Id., enumerates the elective and appointive officers of a city of the second class specifically, and among the latter provides "and any other officer necessary to carry out the provisions of this title." Section 4999, Id., provides: "The city * * * council has the power to abolish any office, the appointment to which is made by the mayor, with the advice and consent of the council, and discharge any officer so appointed, by a majority vote of the council."

The office of city engineer of the city of Havre was an office created under the power conferred by statute and by ordinance of the city council, the incumbent of which might be removed at any time.

The nominees of a mayor who fail to be confirmed by a city council do not become effective as officers, and cannot assume that status until concurred in by a majority of the city or town council. (*State ex rel. Peterson* v. *Peck,* 91 Mont. 5, 4 Pac. (2d) 1086; *State ex rel. O'Hern* v. *Loud,* 92 Mont. 307, 14 Pac. (2d) 432; 22 R. C. L., sec. 84, p. 433; 43 C. J., sec. 1000, p. 614; *State ex rel. Rogers* v. *Johnson,* 135 Wash. 109, 237 Pac. 12.)

Section 423, Revised Codes 1921, provides that "every officer must continue to discharge the duties of his office, although his term has expired, until his successor has qualified." Under this section it was the right and the duty of the relator to continue in office during the month of May, 1932, as no successor in office had been selected, unless, as appellant contends, this statute is in violation of section 6 of Article XVI, of our Constitution, providing as follows: "The legislative assembly may provide for the * * * appointment of such * * * municipal officers as public convenience may require and their terms of office shall be as prescribed by law, not in any case, to exceed two years."

The general rule of law is that an officer shall hold over until his successor is appointed and qualified, unless by the language of the statute such holding over is expressly or by clear implication prohibited. (*State ex rel. Rogers* v. *Johnson,* supra; *Henriod* v. *Church,* 52 Utah, 134, 172 Pac. 701; 2 McQuillin on Municipal Corporations, 2d ed., sec. 507, p. 186.)

The expression "term of office" uniformly designates a fixed and definite period of time. (*State ex rel. Morgan* v. *Knight,* 76 Mont. 71, 245 Pac. 267.)

Unless the time fixed by statute is so plainly at odds with that prescribed by the Constitution as to be wholly inconsistent with it, it is the duty of the court to give it such expression as will enable it to have effect. (*Marcellus* v. *Wright,* 61 Mont. 274, 202 Pac. 381.)

The incumbent of the office of city engineer did not have a fixed, definite time in excess of two years under the provisions of the ordinance during which he could enjoy the occupancy of that office, during which he might not be removed, except for cause, although he might hold the office for a longer period than two years. His term of office did not exceed two years; therefore the constitutional provision under consideration was not violated.

The judgment is affirmed.

Mr. Chief Justice Callaway and Associate Justices Angstman, Matthews and Stewart concur.