## STATE, EX REL PAPE

vs.

## JOHN T. DERWIN and PETER H. DUNAIS

| Superior Court | New Haven County | File #11378 |
| --- | --- | --- |
| | (At Waterbury) | #11379 |

Present: Hon. FREDERICK M. PEASLEY, Judge.

Bronson, Lewis & Bronson,     Attorneys for the Relator.

Charles S. O'Connor,     Attorney for the Respondent

## MEMORANDUM FILED JUNE 19, 1935.

PEASLEY, J.   These two quo warranto actions are an aftermath of an action that was brought against the two Waterbury registrars of voters and on appeal decided by the Supreme Court of Errors against the then registrars.

There is no dispute between the parties about the facts— the two Waterbury registrars of voters were to be ousted by judgment of the Superior Court.   Before the judgment was entered they each resigned and their resignations were accepted by the Mayor of Waterbury. Each had duly appointed a deputy registrar as provided by statute.   It is the claim of the respondents that upon the acceptance of the resignations of the registrars that vacancies were thereby created which the Mayor was, by the provisions of the Waterbury Charter, required to fill and that in appointing them he was performing the duty imposed upon him by the charter; and that being appointed in conformity to the provisions of the Charter, they are lawfully in office.

It is the claim of the relator that there was in fact no vacancy so that there was no occasion for the Mayor to make any appointment; that the deputy of each registrar automatically succeeded his chief upon the acceptance of his chief's resignation; and that when the Mayor attempted to make his appointments the offices of registrar of voters were not vacant, but, were then occupied by the former deputies. If there were vacancies it was the duty of the Mayor under the charter to fill them.   If there were no vacancies the Mayor was powerless to make these appointments.   So the question here is—were these offices vacant?

"An office is vacant when it is without an incumbent who has the right to exercise its functions."

**Board of Education of Newark vs. Civil Service Commissioners of New Jersey, 119 Atlantic Reporter 875.**

On the other hand an office is not vacant so long as it

is supplied in the manner provided by law with an incumbent legally qualified to exercise the powers and perform the duties which appertain to it.

Stafford vs. Cook, 252 S. W. 597.

Section 561 of the General Statutes provides:

(1)  That each registrar of voters shall appoint a deputy registrar.

(2)  That in case of the . . . removal or resignation of such registrar the deputy shall become registrar.

(3)  That in case of vacancy in the office of registrar on refusal or failure to accept the office or to have appointed a deputy the Selectmen and Town Clerk shall appoint a registrar.

In the 1918 revision of the General Statutes these three provisions were stated in separate sections the third being captioned:  "VACANCY IN OFFICE OF REGISTRAR."

"The law abhors vacancies in public office and great precaution is usually taken to prevent them."

Hutcheson vs. Pitts, 278 S. W. 639 (Ark.).

"Courts generally indulge in a strong presumption against a legislative intent, to create by statute, a condition which may result, in an executive or administrative office, becoming for any period of time wholly vacant and unoccupied by one lawfully authorized to exercise its functions."

State vs. Johnson, 237 Pac. 12 (Wash.).

From these points of observation it is obvious that when the General Assembly had under consideration—registrars of voters—it went as far as was possible to avoid the occurrence of a vacancy in the office, but by Section 540 of the General Statutes of 1918, now appearing as the latter part of Section 561 of the General Statutes it recognized the possibility, where one elected refused the office or where a registrar neglected to appoint a deputy and went out of office that a vacancy would occur.  And for the filling of this only kind of a vacancy which the General Assembly recognized as a vacancy it provided how the vacancy should be filled.

It has been held that, "when the constitution enumerates the events that shall constitute a vacancy in a particular

office, we must suppose all other causes of vacancy excluded, especially when this construction can lead to no injurious results."

**People vs. Whitman, 10 Cal. 38.**

If this rule, applicable where the events that are to constitute a vacancy are prescribed by constitution, is sound, the same rule applicable to events prescribed by statute should apply and if applied to **Section 561 of the General Statutes,** supports the contention of the relators that upon the acceptance of the registrars' resignations the only vacancy contemplated by **Section 561** did not occur.

The respondents rely for the support of their claims upon the recently revised Charter of the City of Waterbury, Special Acts of 1933, Page 564, especially Section 25 which provides that "any vacancy in any elective office, other than that of Mayor shall be filled by appointment by the Mayor for the unexpired portion of the term."

When the General Assembly had the 1933 Waterbury Charter under consideration, it, without doubt, intended that for such possible registrar vacancy as it defined, the power of appointment in Waterbury would be transferred from the Selectmen and Town Clerk to the Mayor of the City, but there is nothing of substance in the 1933 Charter that evidences any intention on the part of the General Assembly to extend the possibility of a registrar vacancy beyond that so clearly defined by the statute quoted.

It thus appears that in appointing the respondents, the Mayor of Waterbury acted without legal sanction and that they now usurp the offices.

In each case judgment of ouster will be entered; and that the relator recover his costs.