No. 13821

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

ROBERT DEWAR,

Plaintiff and Appellant,

-vs-

CITY OF GREAT FALLS et al.,

Defendants and Respondents.

Appeal from:  District Court of the Eighth Judicial District,
Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

For Appellant:

John M. McCarvel argued, Great Falls, Montana

For Respondents:

Larsen and Gliko, Great Falls, Montana
David V. Gliko argued, Great Falls, Montana

Submitted:  December 7, 1977

Decided:  APR 2 1978

Filed:  APR 2 1978

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court:

Plaintiff, a police officer with the City of Great Falls, Montana, was charged with the theft of two bicycles from the Great Falls Police Department storage area during October 1974. Charges were initiated before the Police Commission of the City of Great Falls and the officer suspended December 26, 1974.

Hearing was commenced before the Police Commission on February 19, 1975. An imbroglio ensued concerning the authority of the Commission to compel testimony. This matter reached the Montana Supreme Court, Cause #13115, decided April 6, 1976, In the Matter of Charges Against Robert DeWar, Police Officer, ____ Mont._____, 548 P.2d 149, 33 St. Rep. 353.

On February 19, 1975, the Commission was comprised of Joseph R. Marra, Chairman, who was appointed for an unexpired term and reappointed May 11, 1970 for a three year term, which expired May 1, 1973. He was reappointed September 21, 1973 for a three year term but no evidence of confirmation appears in the record. D. S. Harris, member, appointed 1968, reappointed May 15, 1972, confirmed, expired May 1975, reappointed May 4, 1976. Marion C. Heffern, member, appointed 1971 to fill vancancy, reappointed May 15, 1972 and confirmed. D. S. Harris was serving as a member on an expired term; Joseph Marra's term would expire May 1, 1976 and Marion Heffern's term would expire May 1, 1975.

The city administration upon expiration of terms appointed two new members to the Commission, Maurice Clark, Jr. and Charles C. Abernathy, Jr., and reappointed D. S. Harris, as Chairman. The appointments were confirmed May 4, 1976.

The interrupted hearing was recommenced on May 25, 1976, with the new Commission.

Plaintiff objected to the jurisdiction of the Commission (1) because the original commission had not been properly appointed in that there was a failure to comply with section 11-1804, R.C.M. 1947 and it lacked jurisdiction to consider the case; (2) that the appointment of two new commissioners constituted "prosecutorial manipulation"; and (3) that in proceeding plaintiff-appellant was denied due process.

Plaintiff was offered a new hearing but agreed to certify the record of the old Commission and proceed from that point, reserving his rights of challenge to jurisdiction and lack of due process. After an adverse ruling, plaintiff commenced an action in the District Court, Eighth Judicial District, County of Cascade, Hon. B. W. Thomas from the Twelfth Judicial District, presiding.

Summary judgment was entered against plaintiff by the court on January 20, 1977:

> "The motion of defendants for summary judgment came on for hearing before this Court on the 27th day of December, 1976. Plaintiff was represented by his counsel, Mr. John M. McCarvel, and defendants were represented by their counsel, David V. Gliko. After hearing oral arguments, the Court granted counsel time to file briefs. Now, after considering the briefs and the oral statements made at the hearing, and also the pleadings and affidavits on file, the Court finds that there is no genuine issue as to any material fact; that the only issues to be determined involve questions of law, and as to them the Court concludes:
>
> "(1) The members of the Police Commission of the City of Great Falls during the period from January 2, 1975 to May 4, 1976, were validly holding over in their offices after expiration of their terms and before appointment and qualification of their successors. As defacto members of the commission, they validly exercised the functions and powers thereof during that period and had jurisdiction to receive and to hear the complaint against the plaintiff.
>
> "(2) The members of the Police Commission of the City of Great Falls who were appointed and confirmed on May 4, 1976, were validly and legally appointed and confirmed as successors to the members who had been

- 3 -

holding over, and from and after that date constituted the Police Commission of the City of Great Falls, with the right to exercise the functions and powers thereof and thereafter had jurisdiction of the complaint filed against plaintiff.

"(3) The change in the membership of the Police Commission of the City of Great Falls on May 4, 1977, under the circumstances shown, did not constitute 'prosecutorial manipulation' and did not deprive plaintiff of due process.

"(4) The proceedings against plaintiff before the Police Commission were not criminal in nature, and the resumption of those proceedings after the change in membership of the Commission, did not subject plaintiff to double jeopardy.

"(5) Defendants are entitled to judgment as a matter of law.

"It is, therefore, hereby ORDERED that the motion of defendants for summary judgment be and it is hereby granted, and that judgment be entered accordingly."

Plaintiff appeals the questions of law enunciated in the summary judgment.

The Court, after a review of the record and the law, affirms the summary judgment as entered on the 5 questions of law:

(1) We do not agree with plaintiff's contention that State v. Swanberg, (1956),130 Mont. 202, 299 P.2d 466, turns on the statutory language "* * * the term of office of the appointed member of the board shall be four (4) years and until his successor shall have been appointed and confirmed.",(Section 92-104, R.C.M. 1947), insofar as authority to hold over beyond the statutory term. Swanberg itself directs us to State ex rel. Sandquist v. Rogers, (1933), 93 Mont. 355, 362, 218 P.2d 617, wherein it is plainly stated that every officer must continue to discharge the duties of his office although his term has expired, until his successor has qualified. It is a right and a duty. This right is qualified only by express or clear implication of prohibition in the language of the statute. We find no such express

- 4 -

or implied language claimed in the instant cause. See: 3 McQuillin on Municipal Corp. 3d ed., § 12.110, p. 472; 63 Am Jur 2d, Public Officers and Employees, §157; Section 59-406, R.C.M. 1947.

(2) The holding under question of law No.(1), renders No. (2) moot.

(3) We do not recommend the proceeding here as precedent for any kind of administrative hearing. Yet, the judgment of the District Court is entitled to a presumption of correctness and will only be overcome by a preponderance of the evidence. As we have stated, there have been procedures indulged in here that should not be repeated, but from all of that one can draw only an inference of misconduct and not sufficient showing to overcome the statutory presumption.

(4) and (5). These questions of law were not seriously argued on any facts not included in Nos. 1, 2 and 3 above, therefore they must fall to the same conclusions.

The judgment of the trial court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices.

- 5 -