No. 01-699

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 218N

IN THE MATTER OF THE ESTATE OF
ALVARETTA M. JAMES, Deceased,

DARLENE M. ROSE, Personal Representative,

       Petitioner and Respondent,

    v.

DELBERT HUNT AND MONTE CRISTO
MINING CO.,

       Respondent and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
                 In and for the County of Beaverhead,
                 The Honorable Loren Tucker, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

           Thomas S. Winsor, Winsor Law Firm, Helena, Montana

       For Respondent:

           Catherine S. Sands, J. Blaine Anderson, Jr. Law Offices, Dillon, Montana

Submitted on Briefs: May 2, 2002

Decided: September 24, 2002

Filed:

_____
                          Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Fifth Judicial District Court, Beaverhead County, directed the personal representative of the Estate of Alvaretta M. James (Estate) to distribute to the Estate's heirs and beneficiaries their share of property in Monte Christo Mining Company, Inc. (Monte Christo), a Montana corporation which was involuntarily dissolved in 1997. Delbert Hunt (Hunt) and his corporation, which is also named Monte Christo Mining Company, Inc. (MCMC), appeal. We affirm and remand for clarification.

¶3 The issues are:

¶4 1. Did the District Court err when it "disallowed" the corporate reinstatement?

¶5 2. Did the District Court err when it confirmed that Monte Christo was dissolved and ordered distribution of the Estate's property?

¶6 3. Does the District Court's order deprive Hunt of his property rights?

2

BACKGROUND

¶7    Darlene Rose (Rose) is the personal representative of the estate of her mother, Alvaretta James (James), who died in May of 1999.  The Estate asserts that one of its assets is a one-ninth interest in mining claims near Argenta, Montana.

¶8    The record reflects that James and four other co-owners of the mining claims conveyed their interests in the claims to Monte Christo in 1993 in exchange for stock in the corporation.  In 1997, the Montana Secretary of State involuntarily dissolved the corporation pursuant to § 35-6-102, MCA.  Both the corporation and the mining claims were largely inactive at the time, and the directors and officers did not take any action to wind up the corporation or liquidate the corporate assets.

¶9    In March of 2001, Hunt, the son of one of Monte Christo's shareholders, sent a letter to the Montana Secretary of State in which he stated:

> I, Delbert Hunt, incorporated Monte Christo Mining Corporation on November 11, 1999.  I am reinstating Monte Christo Mining Company which was incorporated January 14, 1981.

Hunt included with his letter a completed and signed "Application of Reinstatement or Revivor" form provided by the Secretary of State's office.  In return, the Secretary of State sent Hunt a letter stating he had approved the filing of Hunt's documents for the reinstatement.

¶10   At about the same time, Hunt extended offers to each of the Monte Christo shareholders to purchase their corporate stock.  All

3

shareholders except the Estate sold Hunt their stock in Monte Christo. This resulted in the present dispute between Rose and Hunt over whether the Estate is entitled to a fractional interest in the mining claims or only to ownership of stock in MCMC, Hunt's corporation.

¶11 At Rose's request in the probate proceeding, the District Court ordered the directors and officers of Monte Christo to appear and show cause why they should not deliver the Estate's interest in the mining claims to Rose. At the hearing, the court received documentary evidence and heard testimony from Rose and three other witnesses, including the president and secretary-treasurer of Monte Christo.

¶12 Based on the evidence received at the hearing, the District Court determined Hunt's "reinstatement" of the corporation was not effective and that "[t]he then existing shareholders are entitled to the real estate owned by the then existing corporation." The court directed Rose to "take such steps as are required by law to distribute the property of the estate to the heirs and beneficiaries of the estate" and further ordered that "[Hunt] shall have and take nothing of the property or assets of the previously existing Monte Christo Mining Company, Inc." Hunt and MCMC appeal.

STANDARD OF REVIEW

¶13 We review findings of fact to determine whether they are clearly erroneous and conclusions of law to determine whether they are correct. *Dome Mountain Ranch, LLC v. Park County*, 2001 MT 289, ¶ 12, 307 Mont. 420, ¶ 12, 37 P.3d 710, ¶ 12 (citations omitted).

4

The District Court did not expressly divide its order into findings and conclusions, but the issues raised by Hunt implicate both findings of fact and conclusions of law.

DISCUSSION

¶14  1.  Did the District Court err when it "disallowed" the corporate reinstatement?

¶15  Because corporations are creatures of statute, statutory requirements for their existence must be observed.  *See Barnett Iron Works v. Harmon* (1930), 87 Mont. 38, 41, 285 P. 191, 191. Involuntary dissolution by the Montana Secretary of State is a consequence of a corporation's failure to meet statutory requirements for continued corporate existence, such as filing an annual report.  *See* § 35-6-102, MCA.  As the District Court pointed out, § 35-6-201(2), MCA, provides that after a corporation has been involuntarily dissolved, the Montana Secretary of State may consider reinstatement of that corporation on the application of "a person who was an officer or director at the time of dissolution[.]"

¶16  Based on the evidence presented, the District Court found that Hunt, who signed the application for corporate reinstatement, was not an officer or director of Monte Christo at the time of its dissolution in 1997.  Therefore, the court concluded, the attempted reinstatement did not meet the statutory requirements and was not effective.

¶17  The evidence that no director or officer of Monte Christo filed the application for corporate reinstatement was undisputed.

5

As a result, we hold that the District Court's finding to that effect is supported by substantial evidence and is not otherwise clearly erroneous. We further hold that the court did not err when it concluded the statutory requirements for reinstatement of a corporation had not been met and "disallowed" the corporate reinstatement.

¶18    2.   Did the District Court err when it confirmed that Monte Christo was dissolved and ordered distribution of the Estate's property?

¶19    Hunt contends the action taken by the Secretary of State in 1997 resulted only in an "administrative" dissolution of the corporation, and not a "de facto" dissolution. He asserts that the District Court improperly took things a step further by concluding Monte Christo was dissolved "de facto" as well as "administratively." The District Court did not make such a conclusion; nor do the involuntary dissolution statutes distinguish between "administrative" and "de facto" dissolution. *See* §§ 35-6-101 through -104, MCA.

¶20    Hunt also contends the District Court's order amounted to an order of judicial dissolution, which is governed by § 35-1-938, MCA. He asserts that the circumstances under which that statute allows judicial dissolution were not present here.

¶21    Hunt is incorrect in his contention that the District Court's order constituted a judicial dissolution. Section 35-1-938, MCA, governs judicial dissolutions of existing corporations. Monte Christo has not been an existing corporation since the Secretary of State involuntarily dissolved it in 1997, pursuant to the

6

provisions of § 35-6-102, MCA. Hunt was able to file on the name "Monte Christo Mining Company, Inc." with the Secretary of State in 2001 because the corporate name was not in use after Monte Christo's dissolution in 1997. However, as discussed above, his acquisition of the previously-used corporate name was insufficient to reinstate the corporation. The Secretary of State's approval of the filing of the application for reinstatement and the Montana Department of Revenue's acceptance of fees and taxes upon reinstatement implicitly were based on an incorrect understanding that the application was submitted by an officer or director of the dissolved corporation as statutorily required.

¶22 The District Court correctly determined MCMC is not a reinstatement of the dissolved Monte Christo, as discussed above. Liquidation of the property and assets of an involuntarily-dissolved corporation is governed by § 35-6-104(5), MCA, and the statutes referenced therein. Thus, Hunt has not established that he has any authority to require the Estate to take shares of stock in MCMC in exchange for its shareholder interest in Monte Christo. Because this proceeding does not concern all of Monte Christo's corporate assets, but only the Estate's stock in that dissolved corporation, the District Court appropriately limited the scope of its order to instructing Rose to "take such steps as are required by law to distribute the property of the estate to the heirs and beneficiaries of the estate." We presume the District Court meant in that portion of its order, and in its statement concerning "the then existing shareholders" and "the real estate owned by the then

existing corporation," that Rose should pursue liquidation of the assets of Monte Christo as provided in § 35-6-104(5), MCA, and the other statutes referenced therein.

¶23  We hold the District Court did not err when it confirmed that Monte Christo had been dissolved and ordered distribution of the Estate's property.

¶24  3.  Does the District Court's order deprive Hunt of his property rights?

¶25  The District Court determined that Hunt "and his corporation have no right, title and interest in the real estate owned by the now dissolved Monte Christo Mining Company" and ordered that Hunt "shall have and take nothing of the property or assets of the previously existing Monte Christo Mining Company, Inc."  Hunt objects to this determination and requests clarification of the court's order, pointing out that the Monte Christo shareholders accepted his offers and his money in exchange for their stock in the dissolved corporation.

¶26  The Estate concedes the District Court appears to have erred in this regard and that it is not entitled to strip Hunt and MCMC of any property rights acquired when Hunt purchased stock from Monte Christo's shareholders.  The Estate does not object to allowing the District Court's order to be clarified.  Therefore, we remand to allow the District Court to clarify its order.

¶27  Affirmed and remanded for clarification.

/S/ KARLA M. GRAY

8

We concur:

/S/ PATRICIA COTTER
/S/ JIM REGNIER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE